UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALEXANDRIA REIMER,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. 3:22-CV-5860-GJL

ORDER ON PLAINTIFF'S MOTION TO AMEND JUDGMENT

On June 14, 2023, the Court determined the ALJ did not err in finding Plaintiff not disabled and affirmed Defendant's decision to deny Plaintiff's application for Supplemental Security Income benefits. Dkt. 30. The Court entered judgment for Defendant on the same date. Dkt. 31. Presently before the Court is Plaintiff's Motion to Amend Judgment under Fed. R. Civ. P 59(e) ("Motion"). Dkt. 34. Plaintiff argues the Court should alter the judgment and reverse Defendant's decision to deny benefits because the Court's decision is based on a clear error of law. *Id.* at 1.

The Court may alter or amend a judgment under Rule 59(e) where the Court "'is presented with newly discovered evidence, committed clear error, or if there is an intervening

ORDER ON PLAINTIFF'S MOTION TO AMEND JUDGMENT - 1

change in the controlling law.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Rule 59(e) provides an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id.* (citation and internal quotation marks omitted). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.*

In reaching its decision, the Court considered the record as a whole and the arguments of the parties, including Plaintiff's previously raised argument that "that the ALJ could not compare two RFC assessments to set a medical improvement date." Dkt. 34 at 1; *See* Dkt. 30 at 4-5. Plaintiff reiterates this argument in its Motion, asserting that the ALJ failed to use "signs, symptoms, and laboratory findings" to find medical improvement. Dkt. 34 at 5. Plaintiff further argues that the Court erred when it "worked to establish the medical improvement date using medical evidence" as it is "constrained to review the reasons the ALJ asserts." *Id.* at 4-5 (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir.2003)).

As discussed in this Court's Order, Plaintiff's medical improvement after May 1, 2020, is well-demonstrated by the medical record. Dkt. 30 at 5. The ALJ discussed this evidence throughout her opinion. *See, e.g.,* AR 157 (citing Plaintiff's testimony where he acknowledged his depression and anxiety had improved), AR 158 (citing treatment notes which "describe less depression and more work creating and selling art"), 161 (citing treatment notes documenting Plaintiff's improvements with medication and gender transition). The ALJ's finding of medical improvement was not error as it was based on medical evidence discussed elsewhere in her decision. AR 160; *See Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022) (courts should

consider "the ALJ's full explanation," including "*all* the pages of the ALJ's decision") (emphasis in original).

Plaintiff cites *Attmore v. Colvin*, 827 F.3d 872 (9th Cir 2016), as a model for determining medical improvement:

> In *Attmore*, then, the ALJ cited specific evidence of improvement from treatment and medications with a reasonable inflection point in the curve of improvement; described signs and symptoms as of the improvement date; pointed to signs and symptoms showing improvement in social functioning; and, then assessed the second RFC.

Dkt. 34 at 3-4 (citing AR 160). This is precisely what the ALJ did here.

Plaintiff disagrees, arguing that the ALJ "just compared 2 assessments of RFC" to determine medical improvement. *Id.* But this argument is based on a misreading of the ALJ's decision. The ALJ did not compare Plaintiff's RFC to determine medical improvement. Rather, the ALJ found improvement (via the evidence discussed above) and then compared Plaintiff's RFC before and after this improvement to determine that "the medical improvement that has occurred is *related to the ability to work* because there has been an increase in the claimant's residual functional capacity." AR 160 (emphasis added). This analysis is required under the regulations, as improvements that do not affect RFC will not result in termination of benefits. *See* 20 C.F.R. § 404.1594(b)(2).

For the foregoing reasons Plaintiff's motion to amend the judgment (Dkt. 34) is denied.

Dated this 7th day of August, 2023.

Grady J. Leupold
United States Magistrate Judge